J-S20008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| STEVEN CRAIG BEECH | |
| Appellant | No. 521 WDA 2015 |

Appeal from the Judgment of Sentence March 2, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014506-2012

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                           **FILED MAY 18, 2016**

Appellant, Steven Craig Beech, appeals from the judgment of sentence entered by the Honorable Lester G. Nauhaus, Court of Common Pleas of Allegheny County. We affirm.

The trial court summarized the relevant factual history as follows.

Officer Juan Terry was on duty on March 12, 2012, at approximately 2:15 a.m., in full uniform when he saw the victim, Jon Dunham, and the defendant having a heated argument in front of the defendant's doorway. The victim walked towards the officer after seeing him and the defendant went back into his house. Then the victim knocked on the defendant's door as the officer went to turn off his patrol car and the defendant walked out of the front door[.] … Officer Terry saw him point a gun in the victim's face. The victim said "Oh you are going to point a gun at me. You are going to point a gun at me[.]" … Officer Terry saw the defendant raise the gun and point it in the victim's

_____

[*] Retired Senior Judge assigned to the Superior Court.

face. Officer Terry was against a wall and shadowed by the building as he witnessed the incident. After the victim said that the defendant was pointing a gun at him, Officer Terry observed the victim glance toward him and the defendant followed the victim's gaze and also viewed the officer. The defendant then ran back into his house and slammed the door shut. The victim also testified that the defendant had a gun when he returned outside.

Trial Court Opinion, at 3 (references to transcript omitted).

A jury convicted Beech of simple assault by physical menace.[1] Thereafter, the trial court imposed a sentence of two years' probation.[2] This timely appeal followed.

On appeal, Beech challenges the sufficiency of the Commonwealth's evidence to support his simple assault conviction.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the

_____

[1] 18 Pa.C.S.A. § 2701(a)(3).

[2] The trial court also ordered Beech to pay a $1,000 fine.

evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Reynolds***, 835 A.2d 720, 725-726 (Pa. Super. 2003) (citation and brackets omitted). "It is the function of the jury to evaluate evidence adduced at trial to reach a determination as to the facts, and where the verdict is based on substantial, if conflicting evidence, it is conclusive on appeal." ***Id***. (citation omitted).

Beech merely contends that his conviction cannot stand because "the Commonwealth failed to present even a scintilla of evidence of [his] intent to place Jon Dunham in fear of imminent serious bodily injury." Appellant's Brief, at 4. We disagree.

A person is guilty of simple assault if he "attempts by physical menace to put another in fear of imminent serious bodily injury[.]" 18 Pa.C.S.A. § 2701(a)(3). The specific elements that must be proven under this section are as follows.

> (1) that the defendant attempted to put the [victim] in fear of imminent serious bodily injury, and took a substantial step toward that end, (2) that the defendant used physical menace to do this, and (3) that it was the defendant's conscious object or purpose to cause fear of serious bodily injury.

***Commonwealth v. Little***, 614 A.2d 1146, 1151 (Pa. Super. 1992).[3] "Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances." ***Reynolds***, 835

---

[3] This statement was part of the trial court's opinion, expressly adopted and attached as an appendix in ***Little***. ***See id***., at 1148.

A.2d at 726 (citation omitted). "[P]ointing a gun at someone constitutes simple assault by physical menace." *Little*, 614 A.2d at 1152 (footnote omitted).

Instantly, the evidence presented at trial, viewed in the light most favorable to the Commonwealth as verdict winner, showed that after engaging in an altercation with Jon Dunham, Beech went into his house, retrieved a gun, and then pointed that gun at Dunham. *See* N.T. Trial, 11/3/14 – 11/5/14, at 45. As this Court made clear in *Little*, Beech's conduct in pointing a gun at Dunham establishes his intent to place Dunham in fear of imminent serious bodily injury through menacing activity. *See* 614 A.2d at 1152. Accordingly, the evidence was sufficient to establish the elements of simple assault by physical menace pursuant to section 2701(a)(3).

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2016

- 4 -